We will hear argument first this morning in case 19-8709, Greer v. United States. Ms. Wayardo? Mr. Chief Justice, and may it please the Court. The question at issue concerns the method an appellate court applies in conducting plein air review of a defendant's trial, and in particular, what body of evidence an appellate court may rely on to affirm a defendant's conviction at that trial. In this case, the Eleventh Circuit affirmed Mr. Greer's conviction by relying on information that had never been introduced at his trial. There are three fundamental problems with this approach. First, at prong three of plain air review, the inquiry is whether the errors affected the outcome of the trial, meaning that verdict of guilt. Second, looking at information that was never before the fact finder at trial is not relevant to that inquiry. Second, at prong four of plain air review, it is fundamentally unfair to affirm a defendant's conviction based on information never introduced against him at trial. At a trial, a defendant is on notice that anything being introduced may be used by the fact finder to determine his guilt. But outside the record of the trial, information may go untested and not be reliable for determining guilt. That is particularly the case here, where because of the Uniform Circuit precedent before REHAVE, at no proceeding in the district court had the parties addressed or the judge found the mens rea required by this court in REHAVE. The record was simply not constructed to address this element of the offense. And third, there are practical problems to such an approach. Once an appellate court relies on information not introduced at trial to affirm a defendant's conviction, that risks embroiling the appellate courts in future litigation over whether that information is admissible and reliable enough to affirm a defendant's conviction. Thank you. Thank you, counsel. Let's suppose you have a defendant who is convicted under 922G prior to REHAVE, and on appeal she argues that if she had known she had to establish or the prosecution had to establish a felon, that she knew that she was a felon, that she would have introduced a mental health evidence to show that she was incapable of that knowledge. In that case, could the reviewing court look at that evidence of mental illness, which was not presented to the jury, not presented on trial, on plain error review? Or does your rule bar only the prosecution? Your Honor, our rule applies, it depends on what the nature of the error is. In that instance, the defendant would be, the claimed error would be the exclusion of evidence. And that, so therefore the appellate court could look at that in terms of reviewing the nature of that error. But if the claim is what it is here, such as an insufficiency of the evidence claim, then that evidence or that information the defendant is offering would not be considered. So our rule on an insufficiency claim is that it's still limited to the, what was introduced at the trial. Well, that, that's the basis of my question. I'm not sure why you limit the, your analysis in that way. And the fact that there are many, many situations where we obviously do allow consideration of evidence outside the record in assessing a claim of trial error, I don't know why this would be treated differently. It will depend, Your Honor, on what the claimed error is. And with an insufficiency claim, the question is, and this goes back to the court's earliest cases, such as McClyatt and Weiberg, what was the information or the evidence introduced before the fact finder? Was that evidence sufficient? And that remains the inquiry even on plain error review, Your Honor. Thank you, Counsel. Justice Thomas? Thank you, Mr. Chief Justice. Counsel, could you, would you be kind enough to tell me what language from, or text from 52B that you're relying on? Your Honor, with respect to the text in 52B, it's the denial, or the inquiry is the substantial rights inquiry. And then on, with respect to prompt four, this court has interpreted the may to require an analysis of whether the error has seriously undermined the fairness, integrity, and reputation of the proceedings. Well, isn't that quite a burden to put on, on, on that language that is, doesn't seem to have sort of internally or intrinsically the limitation you're placing on it? Your Honor, our, our request is that what the court looks at, or our reading of Rule 52, which is informed by this court's precedence, is whether the errors, which is still what the court is looking at when the court is reviewing a case, it's reviewing the errors that already occurred. And at a trial, when they claimed error is the sufficiency of the evidence, that the outcome of the proceedings, which is a guilty verdict, the outcome, the outcome of that cannot be assessed by a process, an appellate process, that is itself not fair, or further the other, the other considerations in prompt four. So if you win here, would you be in favor of having your, having a petitioner retry? Your Honor, we are asking, and it's an intermediate step, that the case be remanded to the Eleventh Circuit to apply the plain error standard to the, the record of the trial at Mr. Greer's trial that he, he had, and then if the court decides that the remedy is a retrial, then certainly that would be what we would be, what we would be doing. Do you have any doubt that the, in, in this case, the government would have preferred to introduce the evidence that you say is lacking here? Your Honor, there was the old chief stipulation, and when Mr. Greer entered into that stipulation, he did so in accordance with the then binding precedent. He had no ill intent to have entered into that, um, stipulation other than in conformance with the law, and at this point, on appeal, it would be unfair for the government to be able to point to the evidence that says it could have introduced without doing so and having its information then subjected to a defense at a hearing. We are left, in this case, with no fact finder in the district court on this mens rea element. Uh, so the, the, this, what your approach, though, would put someone who, uh, uh, stipulates in a better position than someone who actually goes to trial with? Your Honor, it's, with respect to the scope, it will just depend on, case by case, did the government establish the defendant's guilt at his trial? And it's really just a function of the fact that the, uh, the uniform precedent has now been overturned by Rahafe because the, that precedent had turned out to be incorrect.  Justice Breyer? Uh, uh, this question may seem naive and simple-minded, but I don't mean it to be. What's the trial record? Yes, your Honor, it, it will depend on what the specific claimed error here, and with respect to... Okay. That's, in other words, what you look at depends on the nature of the error. Yes, your Honor. Okay. So, here, uh, we have, uh, uh, well, I understand what the error is. Substantial rights, were they affected? Uh, I'm on the appeals court. You have to give me some reason to think they were. Okay. What were they? Now, you say, only look at. Why? Why? Why only look at? The PSA is in the record. Why? Why? What's the rule? I mean, why, why, why? There could have been something that happened before the trial. An error. There could be something happened in the middle of the trial to which it's highly relevant what happened before the trial. There could be something on the list of witnesses. There could be a limitation on what's going to be asked, uh, in, uh, the limitation having been worked out by counselor, having been worked out with the judge, uh, before the jury was impaneled. I mean, the possibilities are endless. So where does this idea come from? You can only look to certain things, at least where we don't have to go beyond saying, the record, the record, which, of which the PSA is part. Indeed. You could go to sentencing two minutes after the jury comes in with a guilty verdict. Same day, within the hour. I mean, you know, it all depends. So, so what's wrong with what I'm saying that there is no rule. The only rule is, uh, the defendant has to show that there's a reasonable likelihood that it did affect my substantial rights and no, no appeals court's going to have a big hearing. Put it in the brief. I mean, in other words, I'm totally at sea as to why or how to draw some line. In some case, one thing, in some case, another is my instinct, but you explain this to me. Yes, Your Honor. I'll make three points if I may. The first is with respect specifically to an insufficient evidence claim, the pertinent record to review on a sufficiency claim was the evidence introduced at the trial. That we have, the defendant has the burden of persuasion and may meet that burden by showing that the evidence at his trial did not establish his guilt. And that's because it prongs, both prongs three and prong four. The outcome of the proceedings is that jury's verdict of guilt. That is what's being reviewed. The PSR in particular was not prepared and is not prepared by rule until after the trial. So that information is not even within the scope of the trial record on a sufficiency claim, Your Honor. That's why I asked, what's the trial record? You see? Because you could have had it. It depends on what it is. I overstated with an hour, but maybe sometimes an hour. I don't know. Right. The jury's verdict has come in. When the mistake has to do with witness Smith, witness Smith has already testified. Don't look to the next witness. I fear that we start getting into the rule making business in this area, what you can look at and what you don't. Poor appellate courts, poor district courts. You see what I'm afraid of? A mess, in other words. Your Honor, just two quick responses to that is, is what's relevant in the trial record itself is already a function of how courts review. If it's an exclusion of evidence, then the court will certainly look at that because that's the claimed error. But in a sufficiency claim, the sufficiency of the evidence of trial is based on the evidence of the trial. And the PSR, by rule, is not even prepared until after the defendant's guilt or cannot be released without his consent before his guilt. And so my concern is that the practical consequences of adopting the 11th Circuit's approach is that that's actually unworkable. Justice Alito? If Mr. Greer had a prior conviction for possession of a firearm by a convicted felon, could an appellate court look at that in determining whether his substantial rights were affected? No, Your Honor. And the reason is because the record, even as to that prior conviction, does not address the requisite state of mind at the time of the offense. The defendant must know his status at the time of the instant firearm possession. And without a hearing on that in the district court, the record just does not address that. Suppose that a defendant was convicted of homicide, served a 20-year sentence, and three days after being released from prison was arrested for possession of a firearm by a convicted felon. Would you say the same thing there? Your Honor, yes. And the reason is, in order for an appellate court to review the errors, it should review whether the government established the defendant's guilt at his trial. Because otherwise, what will happen is an appellate court will be making a determination of guilt, or likely guilt, for the first time on appeal. And that process may end up with different results, depending on which court is looking at it, by confining the court to what was produced at the trial. Yeah, I understand your argument. Suppose the defendant was the named plaintiff in a lawsuit challenging the disqualification of convicted felons from voting. Or suppose the defendant had written a book about his prison experience, and in the book describing the 10 years he spent in prison, he says, I was convicted of this felony. Could the court look at any of those? No, Your Honor. And I understand that it looks like that that defendant may know his status, but the question still for the fairness, integrity, and reputation of the proceedings, which is an outcome of the proceedings, is a guilty verdict, is that the nature of the error should be reviewed based on what happened at the defendant's trial. Well, in all of the examples that I gave, what do you think the effect on the integrity and public reputation of the legal system would be if the court ordered a new trial? It would preserve the fairness, integrity, and reputation of the proceedings because the court is maintaining its role as a reviewer and not as a potential initial fact finder of a defendant's guilt or likely guilt. And that's particularly true because, although these are examples where it may seem like the defendant's guilt has been established, the rule being applied here is being applied to everyone. What is the basis for your rule? Is it based on the Sixth Amendment? Is it based on the text of Rule 52? Is it based on any decision of this court? It is based on the standards themselves and the text of 52, the prompt for standard from the decisions of this court, and it is informed by the Constitution. How can there be a constitutional? Do you think there's a Sixth Amendment jury trial right on the issue of whether the granting relief would affect the fairness, integrity, and public reputation of the legal system? Do you think that's an issue that needs to be submitted to a jury? Your Honor, what has happened in this case is there has been no fact finder in the district court, either the trial judge or the jury, on this mens rea element. And so, yes, there is a Sixth Amendment component. There's also a Fifth Amendment component because this element of the offense was not charged or heard in the district court at any proceeding. All right. Thank you. My time is up. Justice Sotomayor. Counsel, I think Justice Scalia would have agreed with you by his dissent in neither. But putting that aside, I have two questions that I hope you'll get to in my time. The first is, I don't know that the focus of prong three and prong four are the same. Prong three, I think, but clearly is related to the proceeding at issue. Would he have been found guilty? But prong four is talking more broadly about the public's perception of the judicial system as qua system. And so I don't know that the answer to your question is the same with respect to prong three and prong four. I understand your argument that whether this proceeding would have been different. Yes, under prong three. And so that you may have shown prejudice. But with respect to prong four, I think that what the public would be looking at, qua the judge as well, is the entire proceeding. And there I don't see why a judge can't look at the facts of a particular case from beginning to end to discern whether the public would have seen this as an injustice. And given all of the circumstances or potential circumstances, some of which are just like this case that Justice Alito mentioned, your defendant was just released from prison six months before he was arrested for this charge. And he had served either 20 months or 36 months. It's impossible to believe that there's any reasonable doubt that he could have put his knowledge in contention. So why am I looking at this the wrong way? Well, Your Honor, even at prong four, and I'll refer to the court's decision in Johnson, even in prong four, the outcome of the proceedings is still a guilty verdict. And in Johnson, the court was able to affirm based on the overwhelming evidence on the element before the fact finder at the trial. And in the later case of Marcus, for example, the court addressed the fact that that was such an instance where the verdict had not undermined the fairness, integrity, and reputation of proceedings. And that was because the evidence at the trial had— That is assuming we're looking just at that proceeding to understand it as an outcome of the trial. But the conviction is the issue. I do have a question in response, in your response to justice, the chief justice, okay? Certainly, if on prong four, the record did show some contravention at the sentencing hearing or et cetera, that mental health was at issue. The appellate court could look at that. But I take, I go a step further, assuming that because nobody thought knowledge was at issue, that evidence had never made it into the record. I'm not sure that you could present it. As I see federal rule 10, federal appellate procedure rule 10E2C, it only allows for corrections of errors in the record to bring in new evidence only if it was an error. And you can, and the court can take judicial notice of undisputed facts. But if there's something that's not in the record at all, and I'm talking just a trial record, but not there at all, but it's something you didn't put in because you didn't know it would be at issue, do you know of any way for you to get it before the appellate court? No, your honor, and that is precisely the problem here is on appeal, we cannot introduce new evidence. And the record here, because of the uniform precedent before Rafe, the record was not constructed to address the defendant's mental state. Is there any- Justice Kagan? Ms. Boyardo, a couple of things that you've said today have raised a question in my mind, which is, are you arguing that plain error review is limited to the trial record in all cases where there's been an intervening change in law of the kind we did in Rafe? Your honor, our question presented is specific to intervening cases, but just in accordance with the court's precedence, ordinarily, the court will review the errors that occurred at the trial. So even without an intervening case, the relevant record would be the trial. So you don't think that there's any basis for distinguishing between the two? This really is a broader argument about all errors. It is, your honor, but I do acknowledge that our question presented is focused on the intervening case. Okay, what I'm more interested in is if it is that broad question, I mean, how to square that with the entire idea of the plain error doctrine? Because, you know, plain error is meant to encourage timely objections, give the court time to correct it, build a factual record, so on and so forth. But on your rule, on the broad rule, the defendant can get a bare record if he just stays silent. And, you know, usually a bare record will mean reversal. So wouldn't that approach give the defendant an incentive not to object? And of course, that won't be true in cases where there's an intervening change in law, but where there's not, isn't he left in a better place than if he did object? And aren't we creating the wrong incentives? Your honor, I think respectfully, I would, because the government does have the burden of establishing guilt at a trial, I think the rule that we're proposing or asking the court to consider still does two things. It requires the government to prove its case at trial and it, and by asking an appellate court to look at what happened at the trial, or at least not risking what's going beyond what the court has sanctioned before, by having an appellate court in the first instance look at information, evidence that was never introduced at trial and imagine a hypothetical trial and affirm the defendant's guilt based on that. Okay, thank you. Justice Gorsuch. Counsel, good morning. I'd like to understand your Sixth Amendment argument just a little bit better. And the government argues that it proves too much because courts of appeals when conducting a prejudice analysis of trial within the trial court record would, on your account, assert the jury's fact-finding function. What do you say to that concern? Your honor, what has happened here goes well beyond what happened in Nieder, for example. In Nieder, there was a fact-finder on all of the elements of the offense. Well, I'm really not so concerned about Nieder as the principle that we often conduct, as appellate judges, a prejudice analysis of trial court errors. And we don't think of that as usurping the Sixth Amendment function of the jury because we're dealing with a forfeited error. And it's the forfeiture that cuts the Gordian knot of the Sixth Amendment concern. That's normally how we conceive of it. That's how the government conceives of it. You obviously see it differently. And I just want to understand how. Yes, your honor. And the difference here is that there has never been a fact-finder in the district court as to the mens rea element required by this court in Rehave. That's due to the forfeiture, the government would say. And that's what allows, again, whether it's in the trial record or out of the trial record, us as appellate judges to conduct a prejudice analysis without infringing the jury's functions. It is a forfeiture. But even in a plain error review, once an appellate court is no longer looking at what was before the fact-finder, that does implicate the defendant's Sixth Amendment rights, which even in a plain error context are not waived. They're forfeited. So let me try it one more time. And I'll stop there. Why wouldn't the same concerns apply when we're looking at matters within the trial record when we're assessing a forfeited argument and we're asking, as we always do, with just even within the trial record, whether that would have made a difference to a jury? Yes, your honor. When we're looking at the trial record, when we're looking at the evidence before the fact-finder, then the court is at least conducting a review of the fact-finder and not then risking stepping into the role of a jury or serving as a second jury. I would have thought a defendant might have argued that that is an epistemological impossibility. And we don't know what the jury would have done. And we are asserting the Sixth Amendment function, but we don't think that. I think I would submit that if the court confines its review to the trial record, then it is at least not going beyond. And it's not going beyond, for example, what happened in Nieder, where here an appellate court is looking at information that was never presented to the fact-finder and any fact-finder in the first instance. Thank you. Thank you. Justice Kavanaugh? Thank you, Chief Justice. And good morning, Ms. Huallardo. I want to focus on the old chief stipulation. I think your argument has to be as a matter of theory that your client might have been acquitted if proper instructions had been given because he did not know that he had committed those qualifying felonies. That at least has to be the theory. And the government says the old chief stipulation is really quite inconsistent with any such theory and prevented the government from introducing evidence about the felonies which would, as the government says, reinforce the natural inference that the defendant was undoubtedly aware of that criminal record when he possessed the gun. And other courts have pointed out it's not something you're likely to forget to begin with. So your response to that argument? Yes, Your Honor. First, the old chief stipulation is entered with counsel at or around the beginning of the trial ordinarily. So it's a counseled stipulation that the defendant has the felon status. And in Mr. Greer's case, does not address whether he knew his status at the time of the gun possession. And then in terms of the record and the appellate court's approach to this, Mr. Greer, like other pre-rape defendants, entered into that stipulation based on the new informed precedent at the time and were not acting with any bad intent as to how the government would have proven its case without the error. In fact, that's what I would point to is, without the error, an appellate court can't just look at what the government says it could have produced without that information then actually being produced to a fact finder and subjected to the adversarial testing by the defendant. Because at that point, then the appellate court is just picturing half of a hypothetical trial. In your experience, how often are old chief stipulations entered to in 922G cases of this kind that go to trial? Before rehafe, they were, I think, entered into quite frequently. My understanding after rehafe is that the old chief stipulation looks different. It now usually will include not only the defendant's felon status, but his knowledge at the time. And that's not the type of old chief stipulation we clearly had. Thank you. Justice Barrett? Good morning, Mr. — Ms. Wyardo. I have a question. You've gotten a lot of questions today pointing out the distinction between Step 3 and Step 4 in the plain error analysis. You know, Justice Alito was asking you questions about, you know, what if the defendant had written a book about his experience as a felon and on and on. In your view, do Steps 3 and 4 do anything distinct? Because then, you know, the government's pointed out, and I think many of the questions you've gotten show, that Step 3 maybe has a jury focus, but Step 4 doesn't have anything to do with what the jury would think. It has to do more with what the public would think. Do you see them as having any kind of different function? Or essentially under your analysis, do we just stop at Step 3? Because if it would have led to a different result, then there's no need really to do anything different in Step 4. Your Honor, I had two responses to that. No, the prompts 3 and 4 do not automatically collapse. But it is true that given a nature of the error, when the nature of the error is the insufficient evidence of the defendant's guilt at his trial, some courts, including some of this court's earliest cases in Wyborg and Clyett and other circuit appellate courts, have said they're in the ordinary case then. If at prompt 3 the outcome has been affected, then that case may ordinarily meet prompt 4. But the second point I would make is that our question presented is not as much about the standards of prompts 3 and 4 and whether they're met on the merits in an individual case. It's what body of evidence an appellate court reviews to make that determination. And even at prompt 4, the outcome of the proceedings is the jury's verdict. And is it fair and for the integrity and reputation of the proceedings  even if the evidence at his trial is not sufficient? And that could be the result if this court adopts the appellate process, which allows a court to look at things that were never introduced. Okay, so let me just make sure, Ms. Wayardo, that I understand your argument. Essentially then, under your argument, we could stop at prompt 3 because the answer would never be different necessarily under prompt 4. The answer may be, Your Honor, the court, such as in Rosales-Morales, had left open the possibility that, although that's a guideline error case, the court stated that ordinarily such an error would meet prompts 3 and 4. The court could certainly say that here. We're simply asking the court to focus the appellate courts and limit their review to the evidence actually introduced against the defendant at his trial. Thank you. A minute to wrap up. Ms. Wayardo? Uniform precedent led to errors at Mr. Greer's trial. An appellate court should assess these errors by reviewing the trial that actually occurred. This line, a review of the trial, promotes the fairness, integrity, and reputation of the judicial proceedings for three reasons. It maintains the appellate court's role as a reviewer of errors rather than as an initial fact finder of a defendant's guilt or likely guilt. Second, it thus maintains a review of whether the government has proven a defendant's guilt through sufficient evidence at his trial. And third, it provides a clear line to the appellate courts that avoids future litigation over what information not introduced to trial could be relied on to determine the defendant's guilt. Thank you. Thank you, counsel. Mr. Schneider? Mr. Chief Justice, and may it please the court. Everyone agrees that Petitioner must satisfy all four requirements of the plain error standard in order to obtain discretionary relief on his forfeited claims. The only question in dispute here is whether the Court of Appeals was required to completely ignore some of the evidence in the record in determining whether Petitioner has made those necessary showings. This court has never constrained plain error review in that way, and it should not start here. Plain error doctrine is intensely practical, asking about substantive outcomes and fundamental fairness. The court has always analyzed those questions in light of all the evidence available to it. Indeed, the court has even looked to evidence from outside the record. In Nieder, for example, the court emphasized that on appeal, the defendant hadn't pointed to any new evidence he might introduce if he got a new trial. And in Rosales-Morales, the court looked to a compilation of psychology research in answering how the error at issue there would affect public perceptions of the proceedings. Petitioner has identified no principled reason why a court can consider those sources, but must ignore the undisputed evidence in the record about his own convictions in prison time. Petitioner's rule would also be contrary to this court's admonitions that plain error relief should be rare and reserved for genuine injustices. Under the approach adopted by the vast majority of circuits, courts can consider all the relevant evidence and grant case-by-case relief whenever the error might realistically matter. Petitioner's rule, by contrast, would require nearly automatic reversal for many defendants, like Petitioner himself, who do not and cannot plausibly claim that they would have disputed their knowledge of status at an error-free trial, but seek windfall relief based on an artificially constrained view of the evidence. The court should not rework plain error doctrine in that essentially arbitrary and fundamentally unfair way. I welcome the court's questions. Counselors, the government's position that the reviewing court can always look outside the trial record, or does it depend on the particular circumstances? Our view is that the court can always look outside the trial record and consider other evidence in the record that is relevant to the error identified. So does it depend on the nature of what they're looking at? In other words, let's say that the reviewing court wants to consider evidence of a discussion between two other prisoners or whatever in which the discussion is, well, they so-and-so knew that it was a felony, and that's what he told me, and so on and so forth. Can they just look at that? Or does it depend upon the admissible nature of the evidence? Your Honor, I think at some level it would depend on the admissible nature of the evidence. Not in the sense that the specific evidence in the format that the appellate court would be looking at needs necessarily to be admissible, but the question that the court on appeal is trying to answer is whether the result at trial would have been different but for the error and whether it would be fundamentally unfair to hold the defendant to his forfeiture. And so if it's clear to the appellate court from the evidence before it that an error-free trial would have included that sort of evidence or that a new trial on remand would include that sort of evidence such that there's no reasonable probability that correcting the error would have any real-world effect other than requiring a new trial, the court of appeals can deny relief in that circumstance. Well, so you're saying that they can look at not only evidence that may or may not have been submitted at trial, maybe, but also evidence that would not be admissible. Your Honor, I'm not saying that they can consider evidence that is not admissible. I'm saying that they can consider what evidence would be admissible. I recognize that that's a fine line. The sort of scenario I'm imagining is a scenario where the court is looking to hear say evidence, but there's no reason to doubt, for example, that the court would be able to present that evidence in an admissible form at trial. So it came into the PSR, for example, in a form that didn't comply with the rules of evidence because it was coming in for purposes of sentencing instead. Counsel, just to stop you, the court would, for example, have to judge trial tactics whether a particular lawyer would want to put that type of evidence in? Your Honor, I think that that is a function of the standard that the court is applying. The standard is whether the defendant has shown a reasonable probability of a different outcome at an error-free trial. And so in assessing that, yes, the court might need to assess how counsel would have proceeded, but I don't think that that speaks to the scope of the evidence that the court can consider there or suggests that the court should ignore evidence like the evidence here that's clearly relevant to the error. Thank you, Counsel. Justice Thomas? Thank you, Mr. Chief Justice. Counsel, would you spend just a few minutes on a response to the constitutional concern that Petitioner's Counsel raised? I'd be happy to, Your Honor. So Petitioner's Counsel has tried to make this case out as an instance where an appellate court is being asked to find Petitioner guilty on one of the elements of the offense. And respectfully, that's really not what's at issue here. There is no dispute that a defendant can waive a constitutional right by failing to assert it in a timely fashion. And there is no dispute that Petitioner did so here. He failed to raise these objections at trial. And so the only question is whether an appellate court is going to relieve him from that forfeiture. And there is no reason that an appellate court, in performing that fundamentally judicial function, can't look to evidence in the record that's relevant to it. Doing so doesn't in any way usurp the function of the jury. So do you think that the analysis... I gather you seem to suggest the analysis would be different had this not been in the context of a forfeiture. Well, Your Honor, I think the prong for analysis here is very easy. In Meador, for example, I think all of the justices recognize that in a case of unpreserved error, it would be appropriate to deny relief based on these sorts of considerations. I think that even in a case of preserved error, Meador teaches that the relevant question is whether, if you had had an error-free trial, the result would have been the same. And so we would argue that under that view, you can look at the evidence that would have come in at an error-free trial. So we think we prevail at both steps of that analysis. But I would agree that prong for is in some ways the easier way for us to win. The old chief seems to have limited the ways in which the government can challenge stipulations, or at least grab the whole analysis of stipulations. Do we have to address old chief in order for you to win? No, I don't think so, Your Honor. I mean, Petitioner has not identified a single case in which this court has ever refused to consider evidence in performing harmless error or plain error review because that evidence wasn't in the trial record. And so we think it's enough for you to say here that you could look to the evidence that came in at sentencing and assessing whether the error here should be corrected on plain error review, and you don't need to address old chief. We do think that old chief is significant though, in the sense that what Petitioner is really trying to do here is ask an appellate court to forgive his forfeiture and allow him to get the benefit of the new law that this court adopted in Rehaif, while at the same time holding the government to the limits imposed by the old pre-Rehaif understanding of old chief. Thank you. Justice Breyer? One quick question. It seems to favor you, but you're going to hear a rebuttal. So, I mean, look, there's an error, okay, at the trial. It seems like it's absolutely harmless. It had to do with what the weather was like. On a certain day, was it raining? And the defendant was walking out in the middle of it and would have known, you know? I mean, okay. But actually, there is a defense, you know? And it has to do with that. The defense is it's something that's not in the record. Is there anything to prevent the defendant from telling the court of appeals that? I mean, why give them the brief? And if they don't hear about it until your brief, which came later, theirs comes, I mean, they're the appellant. So yours comes later. So then they file a reply brief. They don't have to, the court of appeals doesn't have to make any finding, does it? I mean, it just has to send it back. Am I right or wrong about that? I wasn't a trial judge, but I was an appeals court judge. If I'm understanding the question correctly, Your Honor, we are fine with a rule that says that the defendant- I mean, I would have thought trying to remember that if the appellant, who was the defendant, had some extra evidence that they didn't put in because of the error, they would tell the appeals court that and indeed describe it. And if they didn't find out about it until late in the appeal, they file an extra brief. Am I right about that? Yes, you're right about that, Your Honor. Okay. If I'm right about that, then I get to my more difficult question for me. Surely there is some limit about what the court of appeals could look to. How would you describe it? I mean, I have a pretty good intuitive idea. I think you don't want to be unfair. You don't want to go too far. You have to recognize the comparative expertise of appeals courts and district courts. You have to understand the difficulty of getting evidence, da, da, da, da, da. I could list some practical factors. What I can't figure out how to do, and this is the advantage the other side has here, I can't figure out how to embody when it goes too far in a form of words. So two things. Have you thought of any? I'm sorry, I missed the last part of what you said. Have you thought of some words as to when it goes too far? You think confining it to, quote, trial record. I don't know what the trial record is exactly, really. But, but you want to go beyond that. Of course you can go beyond that. You say, fine, when does it go too far? If you were me, what words would you write in the opinion to describe when it goes too far and when it doesn't? Well, what I would start with is Rule of Appellate Procedure 10, which says that the record on appeal includes all of the papers and exhibits, as well as the transcripts of proceedings in the district court. And so if you're looking for a textual hook, that, that is- No, that's your case. But if I go beyond that, like Justice Alito's book. Justice Alito's book wasn't in the record. Is there ever a time when you can go beyond the record? Maybe so. What about the weather report? What about, I mean, you know, things that seem absolutely obvious. What about a, you know, so, so I'm not certain I want to say, maybe we don't answer it. Maybe we just say record, as you say. But, but I just wondered if you thought about that and if you have a form of words. So we haven't thought of a specific formulation because as you say, it's not presented here. The government has agreed in some cases to supplementation of the record when defendants have sought to supplement post-rehaif. I'd point you to the Triggs case in the Seventh Circuit, which is at 963 F3rd 710. And you'd need to look to the district court record there, but there is a consented to motion to supplement the record. Justice Alito? Suppose there's a case where the defendant would have a plausible claim, maybe a more than plausible claim, that he or she did not recall a felony conviction. Let's say it's, it occurred 20 years ago. The offense was not labeled a felony under state law, but it qualifies under the Felony in Possession Statute. The defendant was sentenced to probation. So there's a potential defense there if the issue had been, if the trial judge had anticipated our decision. Could the, in determining whether there was plain error, could the government rely on, let's say, an affidavit by somebody who spoke to the defendant shortly before the defendant was arrested and the affidavit says, the defendant said, well, you know, I know I was convicted of a felony and I can't have a gun, but I really feel that I must have a gun for self-defense. So in that sort of circumstance, Your Honor, where there, I assume that this is from outside of the record. Yeah, it's outside the record. In that circumstance, I think the more the government tried to rely on something like that, that's truly outside the record and that really put that issue credibility of that affidavit, I think it's more likely in those circumstances that the defendant is going to be able to make the substantive showing that the plain error standard requires and going to be able to show that there's a reasonable probability that the jury would have agreed with him and disagreed with the government on that piece of evidence. But in a case like this one, where the petitioner has not offered any reason at all to doubt that he had five prior convictions and had served six years in prison and indeed has never claimed that he was unaware of his felon status, that in that circumstance, the court of appeals, looking to all of the evidence available to it, can properly determine that he hasn't shown that his substantive rights were affected. Well, no, I understand this is a different case, but back to my hypothetical case, would it be improper for the appeals court to consider the affidavit? And if so, this is similar to the question I think Justice Breyer was trying to get an answer to, what is the standard that should be applied in that situation? Is it just a question of basic fairness, reliability? I think that's right, Your Honor. It's, I mean, I don't want to rule out the possibility there and it's beyond this case, but I think the ultimate question there would be the question that the court asks at prong four of the plein air analysis, which is one of fundamental fairness. All right, thank you. Justice Sotomayor. So you were about to make, to say something, a concession of some sort when you were being questioned, I believe by one of my colleagues, there does seem to be an unfairness to a defendant in this situation who doesn't know knowledge is at issue and who may not have created a record about knowledge, but he has all sorts of evidence to show mental illness, all of the factors that Justice Alito set forth, mental illness, or he was young, the judge told him, didn't tell him it was a felony, his lawyer didn't, under state law, it wasn't classified as a felony, but none of that is in the record. You seem to concede he could put that into the appellate record. I just don't see what rule gives him an opportunity to do that, number one. Number two, if there's no explicit rule, are you willing to concede that we should say there is that assumption? And then number three, going back to Justice Breyer's question, is it an equal or unequal opportunity? Do you have a chance to put forth countervailing evidence? And at what point does the appellate court become a trier of fact rather than a reviewer of legal error? Because if you're going to let the government put in all its counter evidence that's not in the record, don't we become triers of fact? So let me try to take those in the order you gave them. The first question, Your Honor, as I said, we have agreed to supplementation of the record under Rule 10. But I don't want something that depends on your agreement. There has to be a legal compulsion to do it. So how do we write it? So Rule 10 speaks to evidence that was omitted by error. And so you could conceive of supplementation of the record in this case as allowing the introduction of evidence that wasn't put in because of the error reflected in rehab. I wouldn't want to fully commit to that. And so for that reason, on the second question you asked, yes, the government would be comfortable with you saying that courts of appeals can consider that evidence. And indeed, we think Nieder already does that. At page 15 of the opinion in Nieder, the court went out of its way to note that the defendant there had not pointed to any evidence that he would introduce at a new trial. So we think that's already baked into the court's precedence. And we're not seeking to sort of move back from that. And in terms of whether the government could put in additional evidence, we think that, as I said to Justice Alito, I think that that starts, you're going to run into problems with the substance of the plain error standard the further the government goes outside of the record. And so most of these cases that have come up have not involved instances in which the government has looked outside of the record. I know there's at least one case that I believe is pending with this court in which there was a, in which the court of appeals took judicial notice of a state conviction, which might present different considerations. But we think that sort of the core place that this court should make clear is permissible is when there is evidence that's already in the record as described by Rule 10. Justice Kagan? Mr. Snyder, if I could continue with your answers to Justice Alito's question. I mean, he posited the government coming in with entirely outside of the record evidence a new witness of some kind. And of course, in this case, it's about a kind of peripheral issue. But that won't always be the case in instructional error cases. You know, it might, the instructional error might go to the very heart of the case. It might go to something like the defendant's intent. And then as I understood what you were saying to Justice Alito, you were saying, well, the government could bring in all kinds of new witnesses as to that issue on which there was an instructional error. And that would be okay. It would just be that maybe the defendant would have a better prong for claim on the merits. And I guess, you know, I don't exactly understand why the defendant would have a better prong for claim on the merits. And maybe more importantly, I don't understand really why that's the question as to how the test would come out in the end, as opposed to trying to put some limits on what the government can do in a case like this. Well, Your Honor, part of the difficulty here is that this just isn't a problem that has come up. The government has not been attempting to put in that sort of very peripheral evidence in plain error cases. We think it's enough to decide this case to say that where the evidence is already in the trial record, excuse me, already in the record in the district court, that a court can certainly consider that. And we're comfortable with a rule saying that a defendant can point to additional evidence. If I just understood you correctly, Mr. Steiner, you basically said that what you just what you said previously to Justice Alito, that you could be fine with that not being a part of our holding that, you know, basically that this case involves only record evidence and would be different from a case where the evidence was outside the record. Is that right? Yes, that is correct. If I could make one more, I think, related point. There's been a discussion. This discussion is sort of focused on the notion that Petitioner didn't have any basis for disputing knowledge of status in the district court proceedings. And he said he had no reason to dispute that at sentencing. With respect, I don't think that that's realistic. I mean, prior to rehaif, knowledge of status wasn't an element of the offense. But a defendant had every reason to dispute his knowledge of status as sentencing. Because if he if he had a genuine argument that he didn't know, that would be powerful evidence going to culpability and therefore. Thank you, Mr. Steiner. Justice Gorsuch. Good morning, counsel. I'd like to just understand how this argument that you propose for Rule 52B interacts with how we'd interpret 52A, which we often look at together. If we were to rule for you in this case, would we have to say that when a court conducts a 52A analysis, a harmless error analysis, it's likewise not constricted to the trial court record and can look at other things in the district court record? No, Justice Gorsuch. The court could resolve this just on prong four of the plain error analysis and say that, of course, in considering questions about fundamental fairness and public perceptions of the judicial proceedings... Put aside prong four for a moment. Just prong three, if we were to decide it there, would we necessarily have to resolve even there the 52A issue or is there a way to distinguish the two cases? I don't see any basis for distinguishing the record that the court would look to at prong three from the record that the court would look to in the harmless error analysis. Of course, the standards and the burden are different and so that might lead to different results. But I think the record would be the same for both purposes. Do you think we would have a greater Sixth Amendment concern in deciding whether a piece of evidence was harmless in its presentation or absence if it's not even before the jury at all? I mean, typically we say it was harmless error that this wasn't presented or this was presented given the overwhelming weight of evidence the jury had before it. It'd be very different. It might be different. I don't know if it's outside the trial court record altogether. So, Your Honor, I think this is part of what animated the disagreement in Nieder and we read the majority as having adopted a rule that at least by logical implication would say that it's permissible to consider evidence that wasn't presented to the jury in harmless error analysis too. At page 15 of the opinion in Nieder, the court addressed the defendant's argument there that it would be impermissible to affirm based on, quote, overwhelming record evidence of guilt the jury did not actually consider, which is very similar to the argument here, and the court rejected that in Nieder. So you think they do walk together at least to prong three? Yes, we think they walk together at prong three and we think that clearly all of this evidence is permissible at prong four as well. Thank you very much. Justice Kavanaugh. Thank you, Chief Justice. Good morning, Mr. Snyder. I just want to follow up on the old chief stipulation and just get your view on the significance of that. Is it your position that the old chief stipulation makes it impossible for plain error to be satisfied? No, Your Honor. So if a defendant had a, could make a showing that it was reasonably probable, reasonably probable that a properly instructed jury would have concluded that he didn't know of his status, the old chief stipulation by itself wouldn't preclude him from obtaining relief. And how would that evidence just play that out? In a case where there was an old chief stipulation, and obviously that's just a lawyer, as the opposing counsel pointed out, but you make a big point of that in your brief on page 28, seemed to say a defendant who not only failed to raise an objection, but also affirmatively utilized the existing law to foreclose the introduction of evidence that would have powerfully demonstrated his knowledge of his status cannot demand that a later reviewing court overlook his forfeiture while adhering to the earlier evidentiary limitations. That sounded pretty categorical to me. So forgive me if I'm misinterpreting your question. I'm sort of seeing two different questions. One is what evidence can the Court of Appeals consider? And the second is what conclusion does the Court of Appeals have to draw from that? We think the old chief stipulation is relevant, although we don't think it's necessary, to the question of what evidence the Court of Appeals can consider. Petitioner is essentially asking the Court of Appeals to give him the benefit of new law, notwithstanding his forfeiture, while at the same time giving him the benefit of the old law as sort of put into effect by the old chief stipulation. And we think that that is fundamentally unfair. But once you get past that step and the court is looking to all of the evidence available, we don't think the mere fact of the old chief stipulation would mean that a defendant could never show that he was eligible for plein air relief. Thank you. Justice Barrett? Mr. Snyder. So the Seventh Circuit, in considering this question, drew a line between, you know, trial record evidence or all the evidence in the record, evidence as a way, as a proxy for what's reliable. So things like the PSR, for example, what would be wrong with that? I mean, that would exclude things like Justice Alito's book, but especially in these cases, the PSR is going to list the felonies. It's going to list the dates of the felonies. It's going to list the length of the sentences. Why does the government want more than that, especially in these cases? We're not asking for more than that, Your Honor. We think that a rule adopting that line would be sufficient to decide this case. There may be other cases in which you have things that aren't at issue here. So I mentioned the possibility of taking judicial notice of the state court documents reflecting a conviction or something along those lines. To be clear, we don't think that the court needs to address those here, but we're just, we don't want to foreclose those in a posture where they haven't been briefed and really aren't necessary to the decision. So you would be happy with a decision that said, you know, that the court, the Court of Appeals can go outside of just what the jury saw, what was before the jury and considered other record evidence like, for example, the PSR and just not say anything about whether it's possible at step four in another case, in a non-rehafe error case for the Court of Appeals to go beyond that. Yes, we'd be happy with a decision that said that. And then just to go back to some of Justice Sotomayor's questions, do you agree in that circumstance if the government could point to the PSR that the defendant could cast doubt on the reliability of that evidence with things that may go outside of the record, like, for example, you know, mental capacity or other reasons why the defendant may not have known about it or maybe inaccuracies in the PSR? Yes, we're fine with the decision that says that as well. Thank you. A minute to wrap up, Mr. Snyder. Thank you. I'd highlight two things in closing. The first is that petitioner's rule is unnecessary for any defendant who has a plausible argument about why a knowledge of status instruction might actually have mattered at his trial. Our rule would allow courts to evaluate all of the available evidence and grant case-specific relief whenever it would be genuinely unfair to hold a defendant to his forfeiture. Petitioner's rule, by contrast, would grant a windfall to defendants like petitioner himself who cannot reasonably claim to have been unaware of their felon status. And the second related point is the petitioner has really provided no reason at all for requiring courts to ignore evidence in the record at the final step of plain error review. Petitioner is asking the courts to grant him discretionary relief from his forfeiture and he bears the burden of showing that it would be fundamentally unfair not to do so. If he had a plausible argument about why the sentencing evidence was unreliable or didn't tell the whole story, he'd be free to make that argument, but he has no right to insist that courts just pretend like the evidence doesn't exist in deciding whether to give him the discretionary relief he wants. We'd ask the court to affirm. Thank you, counsel. Rebuttal, Ms. Moyardo. Thank you, Your Honor. And if I could make three points. The scope of the appellate court's review undertaken here went well beyond what happened in Nieder and Johnson. Johnson, of course, being a pronged-for case. And that is because in Nieder and Johnson, materiality was a known element of the offense that the parties had an opportunity to address before the fact finder in the district court. That record there was then not affected by uniform precedent. That's in contrast of what's happened here. Uniform precedent has affected the record of the entirety of the district court proceedings. Because of that uniform precedent, the defendant's knowledge of status, his mental state required to be guilty of this offense was never addressed in the district court proceedings, including its sentencing. The second point, then, I'd like to turn to is from this court's case in Olano. In Olano, the court recognized that plain error relief is not limited to those for whom the appellate court presumes or finds may be innocent. It's not a guilt or innocence determination on plain error. It is instead about the fairness, integrity, and reputation of the proceedings. And in this instance, Mr. Greer, and this relates to the third point, we are talking here about where an intervening decision has fundamentally changed what's required to be guilty of the offense. And the appellate process undertaken here does not ensure the defendant has actually, his guilt has been established by the government at his trial. It does not answer that question. And for therefore, it's unfair for an appellate court to look outside of what was introduced against the defendant at his trial to make some appellate determination in the first instance about whether the defendant may or may likely be guilty. And what it will end up doing is embroiling the court in many trials, the appellate courts in many trials going forward about whether a defendant may be guilty. Thank you. Thank you, counsel. The case is submitted.